IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:95CR79 |
| | ) | |
| v. | ) | |
| | ) | |
| CLARENCE ROBINSON, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on three motions of defendant Clarence Robinson, as follows: first, for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act (Filing No. 197); second, for correction or reduction of illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure (Filing No. 200); and third, to correct or reduce illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure (Filing No. 202). The Court finds that the motions should be denied.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "FSA") effectively reduced the mandatory minimum sentences required for convictions for possession with intent to distribute certain amounts of crack cocaine. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Robinson moves the Court to reduce his life sentence, arguing that the FSA's reduction in mandatory minimums should be applied retroactively.

On September 20, 2010, during the first month after the FSA was signed into law, the United States Court of Appeals for the Sixth Circuit addressed the issue of whether the FSA's adjustment of mandatory minimums was retroactive. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). There, the Sixth Circuit first noted, "The 'general savings statute' requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Carradine*, 621 F.3d. at 580 (citing 1 U.S.C. § 109). However, "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *Id.* Thus, the Sixth Circuit applied the pre-FSA mandatory minimum in place at the time when the defendant committed the crime. *Id.*

In *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011), the First Circuit agreed with the Sixth Circuit on the issue of retroactivity and, by this time, was able to cite "ten other circuits [that] have considered this question and held that the FSA is not retroactive." *Goncalves*, 642 F.3d at 253 (collecting cases).

The Eighth Circuit agrees, citing "a series of recent cases all holding that the Fair Sentencing Act of 2010 (FSA), which increased the threshold amounts necessary to trigger

mandatory minimum sentences in crack cocaine cases, is not retroactive." *United States v. Sidney*, 648 F.3d 904, 905 (8th Cir. 2011) (collecting 8th Circuit cases). The Eighth Circuit noted, "'. . . [T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.'" *Sidney*, 648 F.3d at 906 (quoting *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); citing *United States v. Smith*, 632 F.3d 1043, 1047 (8th Cir. 2011)).

On October 16, 1995, a jury found Robinson guilty of Count I of the indictment dated June 14, 1995, namely, conspiracy to distribute and possession with intent to distribute cocaine base pursuant to 21 U.S.C. §§ 841(a)(1) and 846. Before the trial had begun, the government filed an information regarding the intent to rely on two prior felony convictions under 21 U.S.C. § 851(a)(1).

On March 1, 1996, this Court held a sentencing hearing, where the Court found that Robinson would be held responsible for 83 ounces of crack cocaine. Applying 21 U.S.C. § 841 as it existed at the time of Robinson's crime, the mandatory minimum sentence was life in prison because Robinson was responsible for more than fifty grams of crack cocaine and had two prior convictions for felony drug offenses. According to the holdings

of the Eighth Circuit, the FSA does not apply retroactively, and the mandatory minimum sentence of life in prison still applies. Consequently, Robinson's first motion must be denied.

Robinson's second and third motions raise issues that should have been raised on appeal and are not properly before the Court. The Court will deny these motions. A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of April, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court